# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RENATO D. KNOX,
          Appellant,

          v.

UNITED STATES POSTAL SERVICE,
          Agency.

DOCKET NUMBER
SF-0353-10-0054-I-1

DATE: July 29, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>James L. Wright</u>, Sacramento, California, for the appellant.

<u>Deborah C. Winslow</u>, San Francisco, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his restoration appeal under 5 C.F.R. Part 353. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

¶2     The administrative judge issued an initial decision on March 22, 2010, which denied the appellant's restoration appeal challenging the agency's determination that it no longer had operationally necessary tasks for him to perform as of September 2009. Initial Appeal File (IAF), Tab 11, Initial Decision (ID). The initial decision became final on April 26, 2010, when neither party filed a petition for review. ID at 14; *see* 5 C.F.R. § 1201.113. On May 19, 2014, the appellant filed another restoration appeal with the Board's Western Regional Office, again challenging the agency's determination that it did not have operationally necessary tasks for him to perform as of September 2009. *See Knox v. U.S. Postal Service*, MSPB Docket No. SF-0353-14-0575-I-1, Initial Appeal File (IAF-0575), Tab 1. In the course of that proceeding, the appellant argued that the instant restoration appeal should be reopened in light of the Board's decision in *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400 (2012). IAF-0575, Tab 6. The administrative judge dismissed the appellant's second appeal as untimely filed without good cause shown, and he also denied the appellant's request to reopen his prior appeal. *See* IAF-0575, Tab 31, Initial Decision.

¶3     The appellant filed a petition for review of the administrative judge's second initial decision and, in a Final Order, we vacated that decision and dismissed the second appeal under the doctrine of adjudicatory efficiency. *See Knox v. U.S. Postal Service*, MSPB Docket No. SF-0353-14-0575-I-1, Final Order, ¶ 6 (May 11, 2015). Because the appellant did not file a petition for review in his first restoration appeal, and because he requested to reopen that proceeding, we forwarded his request to the Clerk of the Board to be docketed as an untimely petition for review of the first initial decision. *Id*., ¶ 7; *see Trachtenberg v. Department of Defense*, 104 M.S.P.R. 640, ¶ 7 (2007). The Clerk of the Board issued the appellant notice of how to establish good cause for his untimely filing and, in response, he has moved to waive the 35-day petition for review filing deadline, again citing to the Board's decision in *Latham*, and also arguing that he has acquired new evidence requiring a different result. Petition

for Review (PFR) File, Tabs 4-5. The agency has filed a response in opposition to the petition for review, and the appellant has filed a reply. PFR File, Tabs 6-7.

¶4 The Board's regulations require that a petition for review must be filed within 35 days after the date of the issuance of the initial decision, or, if a party shows that he received the initial decision more than 5 days after it was issued, within 30 days after the receipt of the initial decision. 5 C.F.R. § 1201.114(e); *see Via v. Office of Personnel Management*, 114 M.S.P.R. 632, ¶ 4 (2010). The Board will waive the filing deadline for a petition for review only upon a showing of good cause. 5 C.F.R. § 1201.114(g); *see Lawson v. Department of Homeland Security*, 102 M.S.P.R. 185, ¶ 5 (2006). To establish good cause, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Via*, 114 M.S.P.R. 632, ¶ 5. Such factors that may be considered when considering a finding of good cause include the length of the delay; the reasonableness of the excuse and showing of due diligence; whether the appellant is proceeding pro se; and whether he has presented evidence of the existence of extenuating circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to his inability to file his petition in a timely manner. *Id*. The Board also has held that the discovery of new evidence may establish good cause for the untimely filing of a petition for review if the appellant shows that the new evidence was not readily available before the record closed below, and that the evidence is of a sufficient weight to warrant a different outcome. *See Flaminio v. Department of Justice*, 95 M.S.P.R. 520, ¶ 7 (2004).

¶5 We have reviewed the appellant's motion to waive the filing deadline and accept his untimely petition for review, and we find that he has failed to demonstrate good cause for accepting his untimely filing. The record reflects that the appellant's petition for review was filed over 4 years after the initial decision denying his restoration appeal became final. Such a delay in filing a petition for review is lengthy, and militates against accepting the untimely petition upon a

showing of good cause.  *See, e.g.*, *May v. U.S. Postal Service*, [108 M.S.P.R. 557](), ¶ 10 (2008).

¶6        The appellant's reliance on the Board's decision in *Latham v. U.S. Postal Service* does not alter our conclusion.  The Board issued its decision in *Latham* in February 2012, and the appellant did not file his petition for review until May 2014, over 2 years later.  The Board generally will not apply one of its precedential decisions to a case that is already closed.  *See Smart v. Department of Justice*, [116 M.S.P.R. 582](), ¶ 11 (2011).  Accordingly, because the appellant's first restoration appeal was not pending when the Board issued its decision in *Latham*, the appellant is not automatically entitled to the application of its principles.  *See id.*  Additionally, even if we were to rely upon our decision in *Latham* as a basis for accepting the appellant's untimely petition, which we do not, we still would find his petition untimely filed by 2 years.  Other than citing the issuance of *Latham*, the appellant has offered no other explanation for his 2-year delay in filing his petition for review.

¶7        We also find that the appellant has not presented new evidence that was previously unavailable which would justify accepting his untimely filing.  On review, the appellant has submitted a coworker's declaration averring additional facts pertaining to the appellant's allegation of disparate treatment in the assignment of limited duty job offers.[2]  *See* PFR File, Tab 5 at 25-26.  The

---

[2] The appellant also has submitted the deposition transcripts of several agency employees as new evidence.  PFR File, Tab 5 at 29-180.  Although the depositions postdate the initial decision, and thus were not available at the time of the initial decision, the appellant has not explained why he did not take the depositions of these employees during the prehearing discovery phase of his appeal.  We therefore find that these deposition transcripts do not establish good cause for accepting the appellant's untimely petition for review based upon the discovery of new, previously unavailable evidence.

On June 29, 2015, the appellant submitted a motion to file a "Motion to File a Corrected Copy of the Pleading dated 6/10/2015."  PFR File, Tab 9.  In his motion, the appellant seeks to correct a typographical error in a pleading he previously filed on review.  In

appellant, however, has not explained why or how this witness' statement or the information sworn to therein, was previously unavailable. *See id*. at 11. The appellant's reliance on the additional declaration, therefore, does not establish good cause for accepting his untimely petition for review based upon the discovery of new evidence. *See Dunbar v. Department of the Navy*, 43 M.S.P.R. 640, 642 n.3 (1990) (declining to rely on the appellant's representative's or his coworkers' declarations as new evidence).

¶8      Finally, we decline to exercise our discretion to reopen the appellant's prior appeal under 5 C.F.R. § 1201.118. The Board generally will not reopen a prior appeal to cure the untimeliness of a petition for review. *See Deville v. Government Printing Office*, 93 M.S.P.R. 187, ¶ 15 (2002). In light of the length of time since the issuance of the March 2010 initial decision, we find that the interests of finality outweigh any countervailing consideration for reopening the instant restoration appeal. *See Deville*, 93 M.S.P.R. 187, ¶¶ 16-17.

¶9      The appellant's petition for review is accordingly dismissed as untimely filed without good cause shown. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the appellant's restoration appeal and disability discrimination claim.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request further review of this final decision.

<u>Discrimination Claims: Administrative Review</u>

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5

---

light of our disposition in this matter, we find that it is unnecessary to rule on the appellant's request to file a corrected pleading.

of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                        _____
                                      William D. Spencer
                                      Clerk of the Board

Washington, D.C.